# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEADRIA M. MONK** | CIVIL ACTION NO. 11-2734 |
| **Plaintiff** | |
| | SECTION: H |
| | JUDGE JANE TRICHE MILAZZO |
| **VERSUS** | |
| | |
| | MAGISTRATE: 5 |
| **ALLSTATE INSURANCE COMPANY** | MAG. ALMA L. CHASEZ |
| **Defendant** | |

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

The matters before the Court are a Motion for Summary Judgment filed by Plaintiff Deadria Monk ("Monk") (Doc. 33) and a Motion for Summary Judgment filed by the Defendant Allstate Insurance Company ("Allstate") (Doc. 45).

For the following reasons Plaintiff's Motion for Summary Judgment (Doc. 33) is **DENIED** and Defendant's Motion for Summary Judgment (Doc. 45) is **DENIED.**

## BACKGROUND

This lawsuit stems from the denial of an insurance claim for jewelry allegedly stolen on February 10, 2008 from Plaintiff Deadria Monk's home. Plaintiff claims that all of her jewelry was stolen in addition to another $14,000.00 worth of other items. The jewelry that plaintiff claims was stolen was covered under her Allstate insurance policy ("the policy"). Specifically, the policy

-1-

covered 32 items of jewelry valued at $47,350.00. Throughout the next several months, Allstate investigated Monk's claim. In July, 2008 Allstate denied the insurance claim in full for material misrepresentations in regard to the jewelry Plaintiff claimed as being stolen.

On November 2, 2011, the case was removed from the 24th Judicial District Court of Louisiana. (Doc. 1.) On January 9, 2012 Plaintiff filed her First Amended Complaint. (Doc. 30.) Plaintiff disputes the denial of the claim and also seeks bad-faith penalties under Louisiana Revised Statutes §22:1892 and §22:1973. (*Id.*)

On April 24, 2012, Deadria Monk filed a Motion for Summary Judgment. (Doc. 33.) Allstate opposed the Motion (Doc. 43) and Monk replied (Doc. 58). On May 15, 2012 Allstate filed a Motion for Summary Judgment. (Doc. 45.) Monk opposed the Motion (Doc. 56) and Allstate replied (Doc. 69).

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there

is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In a diversity action, Louisiana substantive law will apply. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Questions of Louisiana law are resolved 'the way the Louisiana Supreme Court would interpret the statute based on precedent, legislation, and relevant commentary.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 610 (M.D.La. 2006) (*quoting Occidental Chemical Corp. v. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 175 (5th Cir. 1996)).

**LAW AND ANALYSIS**

Before the Court are two Motions for Summary Judgment. Plaintiff's Motion contends that there is sufficient grounds to grant her summary judgment and that Allstate is liable for her claim. Defendant's Motion asserts that the Court should dismiss Plaintiff's claims for penalties and attorneys fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973. For the following reasons both Motions are denied.

*I. Plaintiff's Motion for Summary Judgment*

Plaintiff asserts that Allstate denied Monk's claim based upon an incorrect interpretation

of the language in the insurance policy and that Allstate denied her claim based on a blatant factual mistake. Plaintiff submits that these two bases are more than sufficient to grant her a summary judgment and that Allstate should be held liable for Plaintiff's claim. Thus, Plaintiff contends that the jury should only be left to decide the factual issues of the value of the claim, the amount of damages plaintiff has sustained and whether statutory penalties and attorneys fees are due.

Defendant opposes Plaintiff's motion and asserts that Plaintiff's claim was properly denied for material misrepresentations. Defendant asserts that Plaintiff mischaracterizes the reason for the denial and states that Allstate denied Plaintiff's claim because it concluded, after a diligent investigation, that Plaintiff had made material misrepresentations in making her insurance claim. Defendants conclude that whether misrepresentations were made is a factual issue that cannot be decided via summary judgment.

Plaintiff's Motion for Summary Judgment is denied. This Court finds that genuine issues of material fact preclude summary judgment on the question of coverage. Questions of credibility are inherently factual. Monk maintains that from the beginning of the investigation Allstate was notified that all of her jewelry was missing. Allstate, however, argues that multiple inconsistencies throughout several investigations led them to the conclusion that Plaintiff made material misrepresentations. The parties' accounts of the events and whether or not Plaintiff's contentions are plausible is a question of fact that is inappropriate to be decided on summary judgment. Therefore, Plaintiff's Motion for Summary Judgment is denied.

*II. Defendant's Motion for Summary Judgment*

Defendant's Motion for Summary Judgment is denied. Defendant requests that the Court

to dismiss Plaintiff's claims for penalties and attorneys fees. Defendant asserts that because there are genuine issues regarding whether Plaintiff made misrepresentations then there is a good faith dispute as to coverage as a matter of law. Additionally, Allstate asserts that it also based its decision to deny Plaintiff's claim on the advice of outside counsel. Thus, there is no evidence that Allstate acted in bad faith in light of the inconsistencies of the Plaintiff and the reliance on outside legal advice.

Plaintiff opposes Defendant's request and asserts that Ms. Monk was consistent in her testimony throughout the investigations with one minor exception in her testimony to Allstate's outside counsel. Additionally, Plaintiff notes that Allstate had adequate proof of loss by April 30, 2008, however Allstate did not make a decision on the claim until July 24, 2008 - well beyond the applicable time limits. Plaintiff further states that Allstate's denial of her claim is based upon a misinterpretation of its own policy language which is bad faith per se. Lastly, Plaintiff argues that advice of counsel is an affirmative defense that must be specifically pled.

Louisiana law provides that insurance companies who are in "bad faith" are liable for penalties under two separate statutes, Louisiana Revised Statutes §22:1892 and §22:1973. *Martin v. State Farm Fire and Cas. Co.,* No. 07-5813, 2010 WL 1416772, at *3 (E.D. La. 3/31/10). Section 22:1892 provides that an insurer in Louisiana has a duty to pay a claim in a timely fashion and that when a failure to pay is found "to be arbitrary, capricious, or without probable cause" then the insurer may be liable for the resulting damages and for statutory penalties, attorney's fees and costs. La.Rev.Stat. § 22:1892(B)(1). Section 22:1973 states that a failure to "pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause," may result

in the award of penalties against the insurer. La.Rev.Stat. § 22:1973(B)(6) & (C). "The bad faith statutes are penal in nature and should be strictly construed." *Cowen v. Allstate Ins. Co.*, No. 11-118, 2011 WL 5869449, at *2 (E.D. La. 11/22/11) (*citing McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1092 (La.1985)).

The Louisiana Supreme Court has recognized that the duty to pay under these two separate provisions is "virtually identical." *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 174. (La. 2000). To procure penalties and damages under either provision, an insured must demonstrate that "(1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within [30 or 60 days] of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *La. Bag. Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1112–1113 (La. 2008). The Louisiana Supreme Court has held that "arbitrary, capricious, or without probable cause" is synonymous with "vexatious." *Id.* at 1114. An insurer is "vexatious" when their refusal to pay a claim is unjustified, without reasonable or probable cause or excuse. *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297 (5th Cir., 2009) (*citing Reed v. State Farm Mut. Auto Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003)).

"An insurer does not act arbitrarily and capriciously . . . when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage." *Dickerson*, 556 F.3d at 297-298. "The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." *Reed v. State Farm Mut. Auto Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003).

While Defendants argue that the this case is on all fours with the *Dominio* case, this Court disagrees. *See Dominio v. Allstate Ins. Co.*, No. 09-7348, 2010 WL 4066647 (E.D. La. 10/15/10). There are factual issues that must be determined as to whether or not Allstate's denial was justified, whether there was sufficient proof of loss provided to Allstate and whether July, 2008 was timely to decide on Monk's claim. These assessments are better left for the finder of fact. *See Hurwitz Mintz Finest Furniture v. United Fire & Cas. Co.*, No. 06-4817, 2008 WL 914753, at *2 (E.D. La. 2008)(denying summary judgment on the issues relating to defendant's proposed bad faith, alleged failure to timely adjust claims, and its alleged misrepresentations under the policy).

Additionally, Plaintiff asserts that Deanna Leo, Plaintiff's Allstate claim adjuster, made statements that misrepresented Monk's policy in direct violation of Section 22:1973(B)(1) (misrepresenting insurance policy provisions relating to coverages at issue, if knowingly committed by an insurer, constitutes a breach of the insurer's duty of good faith and fair dealing). The record reflects that there is a genuine issue of fact as to whether Allstate knowingly made representations that were not aligned with the policy. As such, Defendant's Motion for Summary Judgment is denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 33) is **DENIED** and Defendant's Motion for Summary Judgment (Doc. 45) is **DENIED.** Oral argument scheduled for June 20, 2012 is **CANCELLED**.

New Orleans, Louisiana on this 12th day of June, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**